UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Mason Tenders District Council Welfare Fund, *et al.*,

    Plaintiffs,

—v—

Shelbourne Construction Corp.,

    Defendant.

19-cv-7562 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    On October 16, 2019, Plaintiffs Mason Tenders District Council Welfare Fund, Mason Tenders District Council Pension Fund, Mason Tenders District Council Annuity Fund, Mason Tenders District Council Training Fund, Mason Tenders District Council Health and Safety Fund, and Dominick Giammona, as the Funds' Contributions/Delinquency Manager filed a motion for default judgment against Defendant Shelbourne Construction Corp. On November 30, 2020, the Court granted Plaintiffs' motion and directed Plaintiffs to justify why the Court should retain jurisdiction in this case and to file a supplemental affidavit that includes the total amounts and calculations for prejudgment interest and liquidated damages, including the accrual of interest on the unpaid contributions and interest on the unpaid dues checkoffs and PAC contributions after October 16, 2019. *See* Dkt. No. 19 at 22–23.

    Plaintiffs responded to the Court's Order on December 21, 2020. *See* Dkt. Nos. 21–23. By way of their attorney's declaration, Plaintiffs indicated that they "withdraw that part of their Motion for a Default Judgment requesting a judgment retaining jurisdiction to enter judgment in

1

favor of Plaintiffs for any and all contributions, dues checkoffs, and PAC contributions that may be determined to be due as a result of any audit of Defendant for any period starting on March 29, 2017 ("Subsequent Audit"), plus all contractual and statutory damages," also noting that "Plaintiffs explicitly do not waive their right to commence a new action asserting claims for fringe benefit contributions, dues checkoffs, PAC contributions, and contractual and statutory damages owed to the Funds based on a Subsequent Audit." Dkt. No. 22, Mele Decl., ¶ 5.

Plaintiffs also provided a thorough account of the methodology they used to reach their proposed interest rates. Plaintiffs applied the same methodology they used in their original motion for default judgment, which the Court had already deemed adequate after a careful review of the supporting documentation. *See* Dkt. No. 19 at 16; *see also* Dkt. No. 12, Ex. 6; Dkt. No. 22, Mele Decl., ¶¶ 7–8, 15–17; Dkt. No. 22, Mele Decl., Exs. 1, 3. Having independently reviewed the Plaintiffs' calculations and deemed them to be accurate, and because the Defendant has neither appeared in the case nor "introduced any evidence that would suggest that these findings are inaccurate," *Trustees of Sheet Metal Workers' Local Union No. 28 Funds & Plans v. Air Wise Heating & Cooling, Inc.*, No. 18-CV-11569 (JGK) (GWG), 2020 WL 2846693, at *2–*3 (S.D.N.Y. June 2, 2020), *report and recommendation adopted*, No. 18-CV-11569 (JGK), 2020 WL 3440503 (S.D.N.Y. June 23, 2020), the Court concludes that the Plaintiffs are entitled to the amounts they propose.

Thus, for the reasons articulated in the Court's November 30, 2020 Memorandum Opinion and Order, Dkt. No. 19, IT IS ORDERED that the Clerk of Court enter judgment as follows:

1. In favor of Plaintiffs Mason Tenders District Council Welfare Fund; Mason Tenders District Council Pension Fund; Mason Tenders District Council Annuity Fund; Mason Tenders District Council Training Fund; Mason Tenders District Council Health and Safety Fund; and Dominick Giammona, in his fiduciary capacity as Funds' Contributions/Deficiency Manager, and against Defendant Shelbourne Construction Corp in the amounts of:

   a. $361,358.30 in unpaid fringe benefit contributions;

   b. $97,794.98 in prejudgment interest on the unpaid fringe benefit contributions ($97,116.21 in pre-judgment interest to December 21, 2020, plus $678.77 in pre-judgment interest from December 21, 2020 through January 8, 2021);

   c. $97,794.98 as and for liquidated damages;

   d. $122,861.82 in imputed audit costs;

   e. $4,429.00 in reasonable attorneys' fees;

   f. $544.39 in costs;

   g. $27,663.05 in undeducted and/or unremitted dues checkoffs and Political Action Committee ("PAC") contributions; and

   h. $14,355.49 in pre-judgment interest on the undeducted and/or unremitted dues checkoffs and PAC contributions ($14,232.73 in prejudgment interest to December 21, 2020, plus $122.76 in prejudgment interest from December 21, 2020 through January 6, 2021 at the rate of $6.82 per day).

2. In favor of Plaintiffs enjoining Defendant, its agents, representatives, directors, officers, stockholders, employees, successors and assigns and all persons in active concert or participation with it who receive actual notice of the order by personal service or

otherwise, from failing, refusing or neglecting to pay and/or submit to the Funds and the Mason Tenders District Council of Greater New York the required fringe benefit contributions, dues checkoffs, PAC contributions, ERISA contributions, and timely submit all required reports in accordance with ERISA, the collective bargaining agreements, and the Trust Agreements.

3. In favor of Plaintiffs directing Defendant to permit and cooperate in an audit of its books and records for the period of March 29, 2017 to the date of the audit.

After entering judgment, the Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: January 8, 2021
New York, New York

_____
ALISON J. NATHAN
United States District Judge